UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHARNESIA CORLEY** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. _____ |
| § | |
| **HARRIS COUNTY, TEXAS,** § | |
| § | |
| *Defendant.* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff CHARNESIA CORLEY, complaining of Defendant HARRIS COUNTY, TEXAS, and files this Original Complaint and would respectfully show the Court as follows:

**I.**

**JURISDICTION AND VENUE**

1. This case is brought pursuant to 42 U.S.C. §1983. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3), 28 U.S.C. §1367 and 42 U.S.C. §1988. Venue is proper in this judicial district because the events complained of occurred in this judicial district. 28 U.S.C. §1391(b).

**II.**

**PARTIES**

2. Plaintiff Charnesia Corley ("Ms. Corley") is an individual who resides in this judicial district and is a United States citizen.

3. Defendant Harris County, Texas is a county governmental entity located in this judicial district which may be served with process by serving the County Judge, Honorable Ed Emmett, at 1001 Preston Street, Suite 911, Houston, Texas 77002.

## III.

## FACTUAL BACKGROUND

4. At approximately 10:30 p.m. on June 20, 2015, Ms. Corley was stopped by Harris County Sheriff Deputies (the "Deputies") for an allegedly rolling through a stop sign and failing to use a turn signal. At the time, Ms. Corley was a twenty year old college student with no prior criminal record. As instructed by the Deputies, Ms. Corley pulled her vehicle into the parking lot of a nearby convenience store on Ella Boulevard in Houston, Harris County, Texas.

5. After interviewing Ms. Corley the Deputies claimed to smell marijuana. The Deputies then thoroughly searched Ms. Corley's car. After finding nothing in the car, the Deputies decided to conduct a visual strip search of Ms. Corley in the parking lot of the convenience store. Standing in the parking lot of the convenience store, the Deputies instructed Ms. Corley to remove her pants. The Deputies then began the visual strip search by shining a flashlight onto Ms. Corley's naked genital area and visually inspecting it.

6. Then, while still in the parking lot of the convenience store, the Deputies decided to conduct a manual body cavity search of Ms. Corley. When one of the Deputies tried to insert her fingers into Ms. Corley's vagina, Ms. Corley protested. At that point, the Deputies forcibly threw Ms. Corley to the ground, while she was still handcuffed, pinned her down with her legs spread apart, threatened to break her legs, and without consent penetrated her vagina in a purported search

for marijuana.  The Deputies kept Ms. Corley pinned to the ground for approximately eleven minutes.

7. The Deputies claimed to have found .02 ounces of marijuana on Ms. Corley.  Ms. Corley was then arrested and charged with possession of marijuana and resisting arrest.  All charges were subsequently dropped by the Harris County District Attorney's Office.

8. The entire incident was caught on videotape.  However, the Deputies apparently turned off their microphones so that there is no audiotape of the incident.

9. Ms. Corley filed a formal complaint with the internal affairs division of the Houston Police Department.  It is believed that, to date, the Deputies have received no disciplinary action for their involvement in the incident in question.

## IV.

## CLAIMS AND DAMAGES

**42 U.S.C. § 1983**

10. Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing paragraphs.

11. 42 U.S.C. §1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

12. On the night in question, the Deputies conducted an improper manual body cavity search of Ms. Corley. The improper and outrageous search was conducted in public, in a non-sterile environment and with unwarranted and unjustified physical force. Furthermore, the search was done prior to Ms. Corley's arrest, without a warrant and without any probably cause.

13. The Fourth Amendment to the U.S. Constitution guarantees that people will not be subjected to unreasonable searches. Defendant plainly deprived Ms. Corley of her rights under the Fourth Amendment by conducting an unreasonable and improper manual body cavity search. The search was an egregious, humiliating and traumatizing violation of Ms. Corley's rights.

14. The Fourteenth Amendment to the U.S. Constitution guarantees that no person will be deprived by the state of life, liberty or property without due process of law. Defendant clearly deprived Corley of her liberty and other rights without due process of law by conducting an unreasonable and illegal manual body cavity search prior to arresting Ms. Corley, without a warrant and without any probably cause.

15. At the time of the violation of Ms. Corley's rights, the Deputies were acting on behalf of and in the course and scope of their employment with Defendant and pursuant to and in accordance with the official policies and procedures created, promulgated and supported by Defendant. Defendant's unconstitutional and illegal policies resulted in Ms. Corley's rights being violated by the manual body cavity search.

**Assault and Battery**

16. Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing paragraphs.

17. When conducting the unreasonable and illegal manual body cavity search of Ms. Corley, the Deputies acted intentionally, knowingly or recklessly. During the search, the Deputies contacted Ms. Corley's body and such contact caused bodily injury to Ms. Corley.

**Offensive Physical Contact**

18. Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing paragraphs.

19. When conducting the unreasonable and illegal manual body cavity search of Ms. Corley, the Deputies acted intentionally or knowingly. During the search, the Deputies made contact with Ms. Corley's body and such contact caused injury to Ms. Corley. The Deputies knew or reasonably should have believed that Ms. Corley would regard the contact as offensive.

**Intentional Infliction of Emotional Distress**

20. Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing paragraphs.

21. When conducting the unreasonable and illegal manual body cavity search of Ms. Corley, the Deputies acted intentionally or recklessly. Such conduct by the Deputies was extreme and outrageous and proximately caused Ms. Corley's emotional distress. The emotional distress suffered by Ms. Corley was severe.

**Damages**

22. Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing paragraphs.

23. Ms. Corley has suffered physical pain and suffering, anxiety, humiliation, fear, embarrassment, mental anguish and emotional distress. Ms. Corley seeks all relief and remedies available for such damages.

24. Additionally, to the extent that Defendant, as alleged herein, acted intentionally, with malice, with conscious indifference to the rights, welfare or safety of Ms. Corley, or engaged in other aggravated, outrageous or morally culpable conduct, Ms. Corley seeks the imposition of exemplary or punitive damages against Defendant as allowed by applicable law.

**Attorney's Fees**

25. Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing paragraphs.

26. As a result of Defendants' aforementioned wrongful acts, omissions, negligence and violations,  Ms. Corley was required to retain the undersigned attorney to represent her in the prosecution of this suit.  Accordingly,  Ms. Corley is entitled to recover her reasonable attorney's fees and expenses pursuant to 49 U.S.C. §1988 and any other applicable law.

**V.**

**CONDITIONS PRECEDENT**

27. All conditions precedent to  Ms. Corley's recovery and Defendant's liability have been performed or have occurred.

## VI.

## **SPOLIATION NOTICE**

28.     Defendant is hereby put on notice that all documents and tangible things that are relevant or related to the above-described incident involving Ms. Corley, the matters at issue or addressed in this pleading or Defendant's responsive pleading thereto, or which may be reasonably calculated to lead to the discovery of admissible evidence relating to any and all such matters, shall be preserved by Defendant and not destroyed, despite any applicable document retention/destruction policy.  Plaintiff shall seek all available legal remedies, relief and sanctions for any and all such items which are not preserved or which have been destroyed.

## VII.

## **JURY TRIAL**

29.     Ms. Corley asserts her rights to and demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CHARNESIA CORLEY respectfully prays that she have judgment against Defendant HARRIS COUNTY, TEXAS for her actual damages, all statutory damages, punitive damages as allowed by law, reasonable attorney's fees, court costs, pre-judgment and post-judgment interest, and all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/ *Sam R. Cammack III*
Sam R. Cammack III
Texas Bar No. 24014415
1001 West Loop South
Suite 700
Houston, Texas 77027
Telephone: (713) 224-4444
Fax: (713) 626-4445
Email: samcammacklaw@aol.com

*ATTORNEY IN CHARGE FOR PLAINTIFF*

*Of Counsel:*

Jeffrey L. Doggett
Texas Bar No. 00787376
1001 West Loop South
Suite 700
Houston, Texas 77027
Telephone: (713) 961-5505
Telefax: (832) 201-9504
Email: jd@lawdoggett.com