# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHARNESIA CORLEY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-16-382 |
| HARRIS COUNTY, TEXAS, | § § § | |
| *Defendant*. | § § | |

## PROTECTIVE ORDER

Pending before the court is a motion for reconsideration of protective order and a motion for hearing filed by plaintiff Charnesia Corley. Dkt. 30. Defendant Harris County responded (Dkt. 31) and filed a motion to file the exhibits attached to the response under seal (Dkt. 34). The court previously entered a protective order in response to Harris County's motion for protective order (Dkt. 27). Dkt. 29. The court GRANTS Corley's motion for reconsideration and DENIES her motion for hearing. Having reconsidered the protective order, the court is of the opinion that Harris County's motion for protective order should be GRANTED IN PART and DENIED IN PART, and that Harris County's motion to file exhibits under seal should be GRANTED. It is therefore ORDERED that:

1. There will be no public disclosure of any evidence that contains personal, identifying information, even in redacted form, including but not limited to personal information regarding the deputies, medical records of any party, or any other discovery materials that contain home addresses, social security numbers, cell phone numbers, and other personal information.

2. This order covers the plaintiff, all attorneys representing the plaintiff, the defendant, and all attorneys representing the defendant in this case. Should any attorney be substituted in for any present attorney, this order will extend to the substituting attorney.

3. This protective order extends throughout final disposition of this case, including any appeals.

4. This protective order does not relieve any party of its obligations to respond to otherwise proper discovery in this case.

5. This protective order does not waive or impair the right of any party to contest the alleged relevancy, admissibility, or discoverability of documents or information sought or produced in discovery.

6. This protective order does not preclude any party from seeking or obtaining additional protection with respect to any documents, materials, or information where necessary. The producing party shall act in good faith in designating discovery material as confidential pursuant to this protective order.

7. The records containing personal information will remain confidential and can only be used as evidence in this court proceeding, and only under seal if attached to any pleading or motion.

8. No records with personal information may be disseminated or shared with persons not authorized to receive this information as set out in this protective order.

9. Duplicate copies of records with personal information will not be made by either party.

10. Within 45 days after final conclusion of this action, including appellate proceedings, any records with confidential information and all copies thereof shall be returned to the appropriate Designating Party or, at the option of the Designating Party, shall be destroyed.

Having GRANTED Corley's motion for reconsideration (Dkt. 30), Harris County's motion for entry of protective order (Dkt. 27) is GRANTED IN PART and DENIED IN PART. The original protective order (Dkt. 29) is VACATED. Corley's request for hearing (Dkt. 30) is DENIED. Pursuant to this protective order, Harris County's motion to file exhibits under seal (Dkt. 34) is GRANTED as the exhibit attached to Harris County's response (Dkt. 31) contains personal information.

Signed at Houston, Texas on November 9, 2017.

_____
Gray H. Miller
United States District Judge